

FILED

MAR 03 2020

OFFICE OF THE CLERK
SUPREME COURT
COURT OF APPEALS

SUPREME COURT OF MISSISSIPPI
(BEFORE A COMPLAINT TRIBUNAL)

| | |
|---|---|
| THE MISSISSIPPI BAR | COMPLAINANT |
| v. | CAUSE NO. 2019-B-1180 |
| RAMEL L. COTTON | RESPONDENT |

### AGREED OPINION AND JUDGMENT

THIS MATTER came before the Complaint Tribunal on the joint motion ore tenus of the parties to impose discipline on Ramel L. Cotton ("Mr. Cotton") in the form of a DISBARMENT from the practice of law in the State of Mississippi. The Complaint Tribunal has reviewed all pleadings in this matter and finds the joint motion should be and is hereby granted for the following reasons:

The Complaint Tribunal has jurisdiction over the parties and subject matter under Rule 8 of the Mississippi Rules of Discipline for the Mississippi State Bar ("MRD"). Mr. Cotton was admitted to the practice of law in Mississippi in 2001 and Florida in 2000. Mr. Cotton is presently disbarred. Mr. Cotton remains subject to the disciplinary authority of the Supreme Court of Mississippi and this duly appointed Complaint Tribunal.

The Mississippi Bar ("the Bar") filed a Formal Complaint against Mr. Cotton on July 24, 2019. Mr. Cotton waived personal service on August 28, 2019. On September 5, 2019, Mr. Cotton filed an Answer to the Formal Complaint in which he did not contest the allegations of the Formal Complaint. While Mr. Cotton did not admit each

1

and every allegation of the Formal Complaint, he acknowledges that the Formal Complaint contains sufficient factual allegations to warrant disbarment. Mr. Cotton asserts that his wife was diagnosed with cancer during the relevant time, and that it led to depression and addiction issues. Ultimately, Mr. Cotton does not ask that his conduct be excused and accepts responsibility by agreeing to disbarment even with the mitigating circumstances.

The Bar incurred costs and expenses in the investigation of the informal complaints in the amount of $90.00. In addition, the Bar has incurred court costs and other expenses with regards to the filing of the Formal Complaint in the amount of $200.00.

## CONCLUSIONS OF LAW

By his conduct, Mr. Cotton violated the following provisions of the Mississippi Rules of Professional Conduct ("MRPC"):

    a.    Rule 1.2(a), MRPC, which provides that a lawyer shall abide by a client's decisions concerning the objectives of representation and shall consult with the client as to the means by which they are to be pursued.

    b.    Rule 1.3, MRPC, which provides that a lawyer shall act with reasonable diligence and promptness in representing a client.

    c.    Rule 1.4(a), MRPC, which provides that a lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.

    d.    Rule 1.15(a), MRPC, which provides that a lawyer shall hold the property of clients and third parties separate from the lawyers own property. The lawyer must identify this other property and safeguard it.

The rule also provides that the lawyer shall maintain complete records of trust account funds for a period of seven years following termination of the representation.

  e. Rule 1.15(b), MRPC, which provides that upon receiving funds in which a client or third person has an interest, a lawyer shall promptly notify the client or third person. Except as stated in this Rule or otherwise permitted by law or by agreement with the client, a lawyer shall promptly deliver to the client or third person any funds the client or third person is entitled to receive and, upon request by the client or third person, shall promptly render a full accounting regarding such property.

  f. Rule 1.15(c), MRPC, which provides that a lawyer in possession of property in which both the lawyer and another person claim an interest, the property shall be kept separate by the lawyer until completion of an accounting and severance of their respective interests, the lawyer shall distribute the portion not in dispute, and keep separate the portion in dispute until the dispute is resolved.

  g. Rule 1.16(a), MRPC, which provides a lawyer shall not represent a client or, where representation has commenced shall withdraw from the representation of a client if: (1) the representation will result in violation of the rules of professional conduct or other law; (2) the lawyer's physical or mental condition materially repairs the lawyer's ability to represent the client; or (3) the lawyer is discharged.

  h. Rule 8.4(a), MRPC, which provides that it is professional misconduct for a lawyer to violate or attempt violate the rules of professional conduct or engage in conduct that is prejudicial to the administration of justice.

  i. Rule 8.4(b), MRPC, which provides that it is professional misconduct to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects;

  j. Rule 8.4(c), MRPC, which provides that it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

  k. Rule 8.4(d), MRPC, which provides that it is professional misconduct to engage in conduct that is prejudicial to the administration of justice.

In order to determine the appropriate level of discipline, the Tribunal considers the nine factors outlined in *Liebling v. Mississippi Bar*, 929 So. 2d 911, 918-920 (Miss. 2006). The nine factors are:

1) Nature of the misconduct involved;

2) The need to deter similar misconduct;

3) Preservation of dignity and reputation of the legal profession;

4) Protection of the public;

5) Sanctions imposed in similar cases;

6) The duty violated;

7) The lawyer's mental state;

8) Actual or potential injury resulting from the misconduct; and

9) Existence of aggravating or mitigating factors.

Within these criteria the Court has used the American Bar Association Standards for Imposing Lawyer Sanctions ("ABA Standards") which includes:

(a) the duty violated;

(b) the lawyer's mental state;

(c) the actual or potential injury resulting from the misconduct; and

(d) the existence of aggravating or mitigating factors.

4

*L.S. v. Miss. Bar*, 649 So.2d 810, 815 (Miss. 1997); *Goodsell v. Miss. Bar*, 667 So.2d 7 (Miss. 1996).

The ABA Standards for Imposing Lawyer Sanction list the following factors that may be considered in aggravation:

(a) Prior disciplinary offenses;

(b) Dishonest or selfish motive;

(c) A pattern of misconduct;

(d) Multiple offenses;

(e) bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules of orders of the disciplinary agency;

(f) submission of false evidence, false statements, or other deceptive practices during the disciplinary process;

(g) refusal to acknowledge wrongful nature of conduct;

(h) vulnerability of victim;

(i) substantial experience in the law;

(j) indifference to making restitution; and

(k) illegal conduct, including that involving the use of controlled substances.

as criminal.

The ABA Standards for Imposing Lawyer Sanctions also provides factors that may be considered in mitigation:

5

(a) absence of a prior disciplinary record;

(b) absence of a dishonest or selfish motive;

(c) personal or emotional problems

(d) timely good faith effort to make restitution or to rectify consequences of misconduct;

(e) full and free disclosure to disciplinary board or cooperative attitude toward proceedings;

(f) inexperience in the law;

(g) character or reputation;

(h) physical disability;

(i) mental disability or chemical dependency including alcoholism or drug abuse when:

    (1) there is medical evidence that the respondent is affected by a chemical dependency or mental disability;

    (2) the chemical dependency or mental disability caused the misconduct;

    (3) the respondent's recovery from the chemical dependency or mental disability is demonstrated by a meaningful and sustained period of successful rehabilitation; and

    (4) the recovery arrested the misconduct and recurrence of that misconduct is unlikely

(j) delay in disciplinary proceedings;

(k) imposition of other penalties or sanctions;

(l) remorse

(m) remoteness of prior offenses.

Having considered the *Liebling* factors, the aggravating and mitigating factors, the Complaint Tribunal finds that Mr. Cotton should be disbarred effective October 29, 2019.

## JUDGMENT

THEREFORE, THE COMPLAINT TRIBUNAL FINDS that Ramel L. Cotton should be and is hereby DISBARRED from the practice of law in the State of Mississippi effective October 29, 2019.

Mr. Cotton shall reimburse the Bar the sum of $90.00 for the investigation of the three informal complaints and $200.00 for the prosecution of this Formal Complaint. Mr. Cotton shall pay such costs and expenses within thirty (30) days from the date this Opinion and Judgment is issued. Mr. Coton with the Supreme Court stating that he has paid the costs.

Mr. Cotton has asserted anxiety and excessive drinking as a defense to this disciplinary proceeding and therefore is referred to the Lawyers and Judges Assistance Program for evaluation and treatment as determined by the Lawyers and Judges Assistance Program. To the extent a monitoring contract is deemed

necessary by the Lawyers and Judges Assistance Program, Mr. Cotton shall enter into and fully comply with same.

Pursuant to Rule 8.6, MRD, the Clerk of the Mississippi Supreme Court shall immediately forward an attested copy of this Opinion and Judgment to the judges of the Circuit, Chancery, and County Courts of Hinds County, Mississippi, with instructions to the senior judges of each of these courts to include a copy in the minutes of each respective Court.

Additionally, The Clerk of the Supreme Court shall forward copies of the Opinion and Judgment to each member of the Complaint Tribunal; to counsel for all parties; to the Executive Director of the Mississippi Bar; to the Clerks of the United States Bankruptcy Courts for the Northern and Southern Districts of Mississippi; to the Clerks of the United States District Courts for the Northern and Southern Districts of Mississippi; to the Clerk of the United States Court of Appeals for the Fifth Circuit; to the Clerk of the United States Supreme Court; and to the Florida Bar.

Within thirty days from the date of the final Opinion and Judgment is entered in this case, Mr. Cotton shall notify in writing all of his clients with active matters pending that he has been disbarred and advise each of them that he is unable to act as an attorney on their behalf. He shall further return all files to such clients or the counsel for such clients upon request. Mr. Cotton shall also notify in writing all parties opposite as well as courts and agencies in which he

8

has active cases that he has been disbarred. Mr. Cotton shall file a certificate with the Clerk of the Supreme Court that he has complied with these provisions of the Opinion and Judgment within thirty days of the date of entry of the Opinion and Judgment.

Mr. Cotton shall be prohibited from practicing law or holding himself out as a lawyer until such time as he has been reinstated by the Mississippi Supreme Court.

Mr. Cotton must apply for reinstatement pursuant to the Rules of Discipline for the Mississippi State Bar. In order for Mr. Cotton to be eligible for reinstatement he must have complied with all terms of this Order.

Each member of the Tribunal concurs in this Opinion and Judgment

SO ORDERED, this the **26** day of February 2020.

_____
Hon. Prentiss Harrell, Presiding Judge

Agreed:

_____
Rogen Chhabra  MSB #99131
For Ramel L. Cotton

_____
Melissa Selman Scott
For The Mississippi Bar

9